# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

SHELIA R. TAYLOR,

      Plaintiff,

v.

LEAR CORPORATION AND
INTERNATIONAL UNION,
UNITED AUTOMOBILE AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA
AND INTERNATIONAL (UAW), LOCAL
UNION #129,

      Defendants.

Civil Action No. 3-16-cv-3341-D

## DEFENDANT LEAR CORPORATION'S BRIEF IN SUPPORT
## OF RENEWED 12(b)(6) MOTION TO DISMISS

CHRISTOPHER MAZZOLI
Michigan Bar No. P51417
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, MI 48084
248-743-6066
248-743-6002 (Fax)
cmazzoli@bodmanlaw.com
and
Andrew T. Turner
Texas Bar No. 24008968
Vicki D. Tall
Texas Bar No. 24079921
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225
214-987-3800
214-987-3927 (Fax)
andrew.turner@ogletreedeakins.com
vicki.tall@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT
LEAR CORPORATION**

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

BACKGROUND ........................................................................................................................1

ARGUMENT ..............................................................................................................................3

    I.  The Court should strike the First Amended Complaint and dismiss the lawsuit, because Taylor's First Amended Complaint is untimely. ...............................3

    II.  Standard for dismissal under Fed. R. Civ. P. 12(b)(6). ...................................................3

    III. Taylor has failed to state a claim under Title VII, because she has not exhausted her administrative remedies. .......................................................................4

    IV. Taylor has failed to state a claim under the FLSA. .......................................................6

    V.  Taylor has failed to state a claim for negligent training or negligent hiring. ...............7

    VI. Taylor has failed to state a hybrid Section 301 claim. ..................................................8

        A.  Taylor fails to allege facts showing a breach of the collective bargaining agreement. .........................................................................................................9

        B.  Taylor fails to allege facts showing that the UAW breached its duty of fair representation. ..................................................................................................10

CONCLUSION .........................................................................................................................12

CERTIFICATE OF SERVICE .................................................................................................13

i

## TABLE OF AUTHORITIES

**CASES**                                                                                        **Page(s)**

*Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65 (1991) ................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................3, 8, 10 11

*Bache v. AT and T*, 840 F.2d 846 (5th Cir. 1989) ................................8

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ..................................3, 11

*Cannizzaro v. Neiman Marcus, Inc.*, 979 F. Supp. 465 (N.D. Tex. 1997) .................8

*Collins v. Morgan Stanley Dean Witter*, 224 F3d 496 (5th Cir. 2000) ..................4

*Connally v. Transcon. Lines*, 583 F.2d 199 (5th Cir. 1978) ..................10

*Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151 (1983) ................8

*Fine v. GAF Chem. Corp.*, 995 F.2d 576 (5th Cir 1993) ..................5

*Gibson v. United States Postal Service*, 380 F.3d 886 (5th Cir. 2004) ..................9

*Landry v. The Copper/T. Smith Stevedoring Co., Inc.*, 880 F. 2d 846 (5th Cir. 1989) .................9, 10, 11

*McClain iv. Lufkin Indus.* 519 F.3d 264, (5th Cir. 2008) ..................4

*Price v. Digital Equipment Corp.*, 846 F.2d 1026 (5th Cir. 1988) ..................5

*Stewart v. Mississippi Transp. Com'n*, 586 F. 3d 321, 332 (5th Cir. 2009) ..................7

*United Steelworkers of Am. v. Rawson*, 495 U.S. 362 (1990) ..................10

*Vaca v. Sipes*, 386 U.S. 171 (1967) ..................10, 11

*Valcho v. Dallas County Hosp. Dist.*, 658 F. Supp. 2d 802 (N.D. Tex. 2009) ..................6

*Whitten v. Anchor Motor Freight, Inc.*, 521 F.2d 1335 (6th Cir. 1975) ..................11, 12

**STATUTES**

29 U.S.C. § 1985 ..................2

29 U.S.C. § 206 ..................6

29 U.S.C. § 207 ..................6

29 U.S.C. 215(a) ..................6, 7

29 U.S.C. § 216b ..................6

42 U.S.C. § 2000e-5(f) ..................3, 5, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ..................3, 12

Detroit_14632274_1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

SHELIA R. TAYLOR,

      Plaintiff,

v.

LEAR CORPORATION AND
INTERNATIONAL UNION,
UNITED AUTOMOBILE AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA
AND INTERNATIONAL (UAW), LOCAL
UNION #129,

      Defendants.

Civil Action No. 3-16-cv-3341-D

## BACKGROUND

Plaintiff Sheila Taylor is a current employee of Defendant Lear Corporation at its Arlington, Texas facility. (Dkt. No. 35: First Amended Complaint at ¶ 10). Defendants International Union, United Automobile Aerospace and Agricultural Implement Workers of American and its Local Union 129 (collectively, "UAW") and Lear are parties to a collective bargaining agreement. *Id.* at ¶ 11. Taylor is a member of the UAW. *Id.* at 10.

On December 4, 2015, Taylor filed a Charge of Discrimination with the Equal Employment Opportunity Commission in which she alleged she was denied overtime in retaliation for her alleged protected activity in violation of Title VII of the Civil Rights Act of 1964. (Dkt. No. 2: Complaint at Ex. A). The EEOC dismissed the Charge and issued the Notice of Right to Sue on April 5, 2016. *Id.* at Ex. B.

This Court may take judicial notice that on June 14, 2016, Taylor filed a lawsuit against Lear and the UAW in Case No. 3:16-cv-1583-L alleging claims under Title VII, the Fair Labor

Detroit_14632274_1

Standards Act, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 1985. On October 7, 2016, the Honorable Sam A. Lindsey dismissed Taylor's lawsuit without prejudice because of her failure to comply with a prior order issued by the court.

On December 1, 2016, Taylor filed her Original Complaint (Dkt. No. 2). On January 12, 2017, the UAW filed a Motion to Dismiss. (Dkt. No. 5). On February 15, 2017, Lear similarly filed a Motion to Dismiss (Dkt. No. 11). On March 29, 2017, Taylor filed a Motion for Leave to Extent [sic] Time to File First Amended Pleading. (Dkt. No. 21). On June 13, 2017, this Court issued an Order granting "Taylor leave to file a first amended complaint within 28 days of the date this order is filed." (Dkt. No. 30 at p. 1). In the Order, the Court also denied without prejudice as moot Lear and the UAW's Motion to Dismiss. *Id.*

On July 17, 2017, six days after the 28 day deadline set forth in this Court's Order, Taylor filed her First Amended Complaint. (Dkt. No. 35).

Like her Original Complaint, Taylor's First Amended Complaint is difficult to follow, in part, because the captions of each count do not always match the allegations which appear under those counts. It appears Taylor alleges the following:

In Counts B and C, Taylor alleges a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act. (Amended Comp. at ¶¶ 8, 12, 15). It appears she also alleges race and sex discrimination (*Id.* at ¶¶ 14, 18).

Count C appears twice. The second Count C is labeled "Fair Labor Standards Act (FLSA) Discreet discrimination." In this second Count C, Taylor alleges; she was "subject to discreet discrimination, insulting manner," (*Id.* at ¶ 17); she was subject to "divergent pay . . . juxtapose to the white male counterpart which is innate from the underlying historical racial animus, from the quality Plant Manager, Mark McSparren . . ." (*Id.* at ¶ 18); "Defendant Kevin Miller also intentionally discriminated against Plaintiff because of her age and sex in clear

violation of the fair labor standards act [sic]," (*Id.* at ¶ 19); and Lear and the UAW allegedly denied her 36 hours of additional overtime, (*Id.* at ¶ 20).

Count D is labeled "Negligent Training, Negligent Hiring." Taylor alleges Lear and the UAW failed to exercise or train the supervisory staff and to use "'reasonable care' to prevent or cure or abate the direction to prevent the plaintiff form [sic] overtime. Such allegations of discrimination in addition to facilitating the overtime abuse of the unequal pay 29 U.S. code chapter 8 – fair labor standards, 920 § 216b." (*Id.* at ¶ 25). Taylor further alleges that the "lake [sic] of EEO training and hiring creating [sic] a hostile work environment in its workforce and employees advances plaintiffs [sic] belief that her discrimination is based on race. It is 'severe and pervasive' and in violation of Title VII 42. U.S.C. § 2000e (b)." *Id.*

Count E is a hybrid action under Section 301 of the LMRA in which Taylor alleges that Lear breached the collective bargaining agreement's overtime provisions and the UAW breached its duty of fair representation when settling her overtime pay grievances. *Id.* at ¶ 27.

## ARGUMENT

**I.      The Court should strike the First Amended Complaint and dismiss the lawsuit, because Taylor's First Amended Complaint is untimely.**

In its June 13, 2017 Order, this Court granted Taylor leave to file a first amended complaint within 28 days of its Order. (Dkt. No. 30). Taylor, however, filed her First Amended Complaint on July 17, 2017 (Dkt. No. 35) – six days after the July 11, 2017 deadline. For this reason and the reasons set forth in the UAW's July 26, 2017 Motion to Strike (Dkt. No. 36), the Court should strike Taylor's First Amended Complaint and dismiss her lawsuit.

**II.      Standard for dismissal under Fed. R. Civ. P. 12(b)(6).**

An action must be dismissed where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments

thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However the *Collins* court also noted "approvingly" that other circuits have concluded that documents attached to a motion to dismiss are part of the pleadings, "if they are referenced in the plaintiff's complaint and are central to the [plaintiff's] claims." *Id.* at 498-499. As the Court explained: "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499.

To withstand dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies this facial plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949 (citations omitted).

### III.   Taylor has failed to state a claim under Title VII, because she has not exhausted her administrative remedies.

In Count B, both Counts C, and Count D, Taylor alleges harassment, retaliation, and discrimination under Title VII. (Amended Comp. at ¶¶ 8, 12, 14-16, 18, 19, 21, 25). Those claims must be dismissed because Taylor has failed to exhaust her administrative remedies.

Although Taylor alleges unlawful harassment, retaliation, and discrimination in violation of Title VII, she does not allege that she filed a charge of discrimination with the EEOC alleging unlawful harassment, retaliation, or discrimination or that she otherwise exhausted her administrative remedies. This failure is fatal to her Title VII claims, because "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus.* 519 F.3d 264, 274 (5th Cir. 2008). This requirement permits the EEOC "to investigate and, if appropriate, negotiate a resolution with an employer." *Id.* Courts may "not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the

4

administrative process and peremptorily substitute litigation for conciliation." *Id.* Instead, courts may permit plaintiffs to pursue only those claims that could reasonably be expected to grow out of the EEOC charge. *Fine v. GAF Chem. Corp.,* 995 F.2d 576, 578 (5th Cir. 1993) (holding that courts may only consider specific allegations made in an EEOC complaint, as well as "any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination") (citations omitted).

To overcome the above deficiency, Taylor may not rely on the December 4, 2015 EEOC Charge she attached to her Original Complaint. (Comp. at ¶ 6, Ex. A). This is because any claims arising from the December 4, 2015 EEOC Charge are untimely. With respect to the December 4, 2015 Charge, the EEOC issued a right to sue letter on April 5, 2016. (Comp. at Ex B). Taylor was thus required to file her lawsuit under Title VII within 90 days of receiving the right to sue letter. Taylor, however, filed the Original Complaint on December 1, 2016 – well past the 90 day deadline. Accordingly, any Title VII claims purportedly arising from the December 4, 2015 Charge are untimely. See *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) ("A private civil action under Title VII must be brought within ninety days of a complainant's receipt of a right-to-sue letter from the EEOC") (citing 42 U.S.C. § 2000e-5(f)). The fact that Taylor previously filed a timely lawsuit against Lear does not require a different result. This is because "[t]hat lawsuit did not toll the ninety-day period for Title VII claim." *Id.* (holding that plaintiff's original Title VII claim which was timely but which was dismissed for want of prosecution did not toll the 90 day period for filing a lawsuit under Title VII).

In sum, because Taylor has not adequately pled that she exhausted her administrative remedies, her claims for unlawful harassment, retaliation, and discrimination under Title VII must be dismissed.

Detroit_14632274_1

**IV.    Taylor has failed to state a claim under the FLSA.**

The FLSA requires, in part, employers to pay a minimum wage and overtime pay for hours worked over 40 per workweek at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. §§ 206 & 207. Although the second Count C is labeled "Fair Labor Standards Act (FLSA) Discreet discrimination," it does not allege a failure to pay the minimum wage or statutory overtime pay in violation of the FLSA. Rather, Count C alleges that Lear and the UAW denied her the opportunity to work 36 hours of additional overtime and her supervisor stated she should "not be considered" for overtime. (Amended Comp. at ¶ 20). The FLSA only "prescribes minimum wage and overtime pay requirements." *Valcho v. Dallas County Hosp. Dist.*, 658 F. Supp. 2d 802, 811 (N.D. Tex. 2009). It does not address the opportunity to work overtime, and nowhere in the First Amended Complaint does Taylor allege that she worked more than 40 hours in a week, let alone that she did so without receiving overtime pay at a rate not less than one and one-half times the regular rate of pay. Count C also alleges intentional discrimination "because of her age and her sex in clear violation of the fair labor standards act." (Amended Comp. at ¶ 19). This conclusory allegation also fails to state a claim under the FLSA, because the FLSA does not prohibit discrimination on the basis of age or sex. In paragraph 25 of Count D, Taylor alleges "overtime abuse of the unequal pay 29 U.S. code chapter 8 – fair labor standards, 920 § 216b." There is no such statute. To the extent, Taylor meant 29 U.S.C. § 216b, that statute is not applicable as it applies only to overtime work performed before July 20, 1949. To the extent Taylor meant 29 U.S.C. § 207, this conclusory allegation fails to state a claim for overtime pay under the FLSA.

Finally, it is unclear if Taylor claims retaliation in violation of 29 U.S.C. § 215(a)(3), which prohibits employers from discharging or discriminating against employees who have participated in protected activity under the FLSA. In paragraph 16, she asserts that during a

6

meeting, a supervisor yelled at her, in part, because she sought redress under the FLSA. However, aside from this brief, conclusory allegation, Taylor does not otherwise allege FLSA retaliation or even mention 29 U.S.C. § 215(a)(3). In any event, Taylor has failed to state a claim for FLSA retaliation. First, Taylor does not identify any protected activity under the FLSA in which she engaged or allege any facts that would allow this Court to conclude that she had done so. For example, while she alleges she filed grievances protesting violations of the CBA, she does not allege that she complained about unpaid overtime under the FLSA. Second, Taylor has not alleged that she suffered an adverse employment action because of her alleged protected activity under the FLSA. Rather, as noted above, Taylor alleges that a supervisor yelled at her, which, as a matter of law, does not constitute an adverse employment action. See *Stewart v. Mississippi Transp. Com'n*, 586 F. 3d 321, 332 (5th Cir. 2009) (finding chastising by the plaintiff's supervisor and ostracization by her coworkers insufficient to support adverse employment action in the Title VII retaliation context).

Taylor, therefore, has failed to state a claim under the FLSA for unpaid overtime or retaliation.

## V.   Taylor has failed to state a claim for negligent training or negligent hiring.

In Count D, Taylor alleges that: (1) Lear and the UAW "were remised . . . by merely not adequate providing mandatory human resources training under the EEOC guideline . . . ;" (2) Lear was "negligent in its hiring and retention of Mark Pedito;" (3) Lear failed to exercise or train "the supervisor staff and to use 'reasonable care' to prevent and cure or abate the direction to prevent plaintiff from overtime;" and (4) "Therefore, the lake [sic] of EEO training and hiring creating a hostile work environment in its workforce and employees advances plaintiffs [sic] belief that her discrimination is based on race. It is 'severe and pervasive' and in violation of Title VII 42 U.S.C. § 2000e (b)." (Amended Comp. at ¶¶ 21, 23, 25).

It appears from paragraph 25 that despite labeling Count D as "negligent training, negligent hiring," Taylor in fact is alleging a violation of Title VII. If so, for the reasons set forth in Argument Section III, Taylor has failed to state a claim under Title VII because she did not exhaust her administrative remedies.

To the extent Taylor is attempting to state a common law claim for negligent training or hiring," Count D must still be dismissed because "claims for negligent training, negligent supervision and negligent retention . . . are preempted by the Texas Commission on Human Rights Act; are barred by the exclusive remedy provision of the Texas Worker's Compensation Act; and/or are not recognized as a matter of law in Texas where, as here, the alleged misconduct involves discriminatory treatment." *Cannizzaro v. Neiman Marcus, Inc.*, 979 F. Supp. 465, 479 n. 9 (N.D. Tex. 1997).

## VI.    Taylor has failed to state a hybrid Section 301 claim.

Count E of the First Amended Complaint fails to state a hybrid Section 301 claim and should also be dismissed.

Section 301 of the LMRA "provides an employee with a federal cause of action against his employer for breach of a collective bargaining agreement." *Landry v. The Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 850 (5th Cir. 1989). The courts have implied an employee's cause of action against his union for breach of the duty of fair representation from the statutory scheme of federal labor law. *Id.* "Because of the intricate relationship between the duty of fair representation and the enforcement of a collectively bargained contract, the two causes of action have become 'inextricably interdependent' and known as a 'hybrid § 301/fair representation' suit." *Bache v. AT and T*, 840 F.2d 283, 287-288 (5th Cir. 1988) (quoting *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164-165 (1983)).

Detroit_14632274_1

Fifth Circuit law is settled that a plaintiff cannot recover against a union *or* an employer under a hybrid § 301 claim without stating a viable claim against *both* the employer *and* the union. *Gibson v. United States Postal Service*, 380 F.3d 886, 888-889 (5th Cir. 2004). Specifically, Taylor must allege facts showing that "the employer breached the collective bargaining agreement . . . [and] that the union breached its duty of fair representation." *Id.* (citation omitted). Regardless of whether the action is brought against the employer, the union or both, "both elements must be proven." *Id.* at 889. Taylor has not met her burden.

### A.   Taylor fails to allege facts showing a breach of the collective bargaining agreement.

The First Amended Complaint fails to plead facts showing that Lear violated the CBA. For example, paragraph 12 of the First Amended Complaint alleges that her supervisor "refused Ms. Taylor, who maintain seniority, to "participate in any overtime scheduling." This allegation does not specify how this refusal violated the CBA. Nor does this sentence identify the provision of the CBA that was violated.

Paragraph 14 of the First Amended Complaint alleges in conclusory fashion that Taylor and the UAW "charged management violation of Collective Bargaining Agreement Article 1, 8." Paragraph 15 alleges that Taylor protested the "loss of overtime pay" and "possible violation Article 1, 16, and 14." Paragraph 27(2) alleges Lear and the UAW "colluded to not permit the Plaintiff us [sic] of the collective bargaining agreement CBO, section Letter of Understanding #1 Overtime Distribution Groups Zone 2: Materials; in addition to Letter of Understanding #2 Overtime Distribution." While in paragraphs 14, 15, and 27(b) Taylor lists provisions in the CBA which Lear allegedly violated, she does not allege any facts specifying the manner in which Lear violated these provisions beyond a conclusory claim of "loss of overtime pay" and alleged collusion between Lear and the UAW to deny her use of these provisions.

Detroit_14632274_1

The First Amended Complaint, therefore, contains nothing more than conclusory allegations of some unidentified violation of the CBA. Taylor cannot rely on legal conclusions to support her claim. See *Iqbal*, 556 U.S. at 678-679. Accordingly, Taylor has failed to allege facts showing that Lear violated the CBA, and Count E should be dismissed.

### B.      Taylor fails to allege facts showing that the UAW breached its duty of fair representation.

To state a hybrid Section 301 claim arising out of allegedly deficient union representation, an employee must demonstrate that the union's acts or omissions during the grievance process were "arbitrary, discriminatory, or in bad faith." *Connally v. Transcon. Lines*, 583 F.2d 199, 202 (5th Cir. 1978). See also *Vaca v. Sipes*, 386 U.S. 171, 190 (1967) (holding same). "A union's actions are arbitrary only if, in light of the union's actions, the union's behavior is so far outside of a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). A showing of negligence on the part of the union does not establish arbitrariness. *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372-373 (1990). Neither does a showing of a "mistake in judgment." *Landry*, 880 F.2d at 852. Indeed, the Fifth Circuit has "upheld a determination that a union did not breach its duty when its conduct in processing an employee's grievance was 'less than enthusiastic' and 'not perfect.'" *Id.* (quoting *Connally*, 583 F.2d at 202-203).

To avoid dismissal, then, Taylor must allege facts showing that the UAW's "conduct was arbitrary, discriminatory, or in bad faith, so that it undermined the fairness or integrity of the grievance process." *Landry*, 880 F.2d at 852. The First Amended Complaint, however, contains no such factual allegations. Instead, Taylor supports her claim against the UAW with the conclusory assertions that the UAW settlement of her overtime grievances provided her with less pay and hindered further overtime (Amended Comp. at ¶¶ 13, 24, 27(1)). These assertions, which are nothing more than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" and

Detroit_14632274_1

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to support Taylor's hybrid Section 301 action as a matter of law. *Iqbal*, 556 U.S. at 678; see also *Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action" fails to state a claim under the Federal Rules).

Taylor's threadbare allegations against the UAW are particularly deficient given the wide latitude that unions are afforded in processing and settling grievances. *See Vaca,* 386 U.S. at 192 ("a union does not breach its duty of fair representation . . . merely because it settled the grievance short of arbitration."); *Whitten v. Anchor Motor Freight, Inc.*, 521 F.2d 1335, 1341 (6th Cir. 1975) (failing to consult with a worker before settling his grievance does not amount to a breach of the union's duty of fair representation). Importantly, a breach of a union's duty during the grievance process "is not established merely by proof that the underlying grievance was meritorious." *Vaca,* 386 U.S. at 194. And, because an employee does not have an "absolute right to have [his] grievance taken to arbitration," a union's decision not to arbitrate a grievance does not establish a breach of the union's duty. *Id.* at 191.

Here, with respect to her allegations about the settlement of her overtime grievances, the First Amended Complaint does not provide any factual support that the grievances were meritorious. Nor does it provide any factual content that would allow this Court to draw the reasonable inference that the UAW's settlement of the overtime grievances was "arbitrary, discriminatory, or in bad faith." Instead, the First Amended Complaint simply asserts that the UAW breached its duty of fair representation by negotiating a less than satisfactory settlement of her overtime grievances which, as a matter of law, simply fails to state a claim for a breach of the duty of fair representation. *See Landry*, 880 F.2d at 852 (an "employee has no absolute right to have his grievances taken to arbitration or to any other level of the grievance process") (citations

Detroit_14632274_1

omitted); *Whitten*, 521 F.2d at 1341 (a union has no obligation to process a grievance that it determines lacks merit, provided that it makes the determination in good faith).

Accordingly, Count E should also be dismissed, because Taylor has not alleged facts demonstrating that the UAW breached its duty of fair representation.

### CONCLUSION

For the foregoing reasons, Lear requests that this grant its Motion and dismiss the First Amended Complaint under Rule 12(b)(6), that Lear be awarded its costs of defending this action, and that the Court award such other relief as it deems appropriate.

s/ CHRISTOPHER MAZZOLI
Michigan Bar No. P51417
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, MI 48084
248-743-6066
248-743-6002 (Fax)
cmazzoli@bodmanlaw.com
and
Andrew T. Turner
Texas Bar No. 24008968
Vicki D. Tall
Texas Bar No. 24079921
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225
214-987-3800
214-987-3927 (Fax)
andrew.turner@ogletreedeakins.com
vicki.tall@ogletreedeakins.com
**ATTORNEYS FOR DEFENDANT LEAR CORPORATION**

Dated: July 31, 2017

Detroit_14632274_1

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017 Lear's Brief in Support of Renewed 12(b)(6) Motion to Dismiss and this Certificate of Service were e-filed using the ECF system which will send notification of such filing to the attorneys of record via the Court's e-file system.

s/ Christopher P. Mazzoli (P51417)
201 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
Attorneys for Defendant Lear Corporation
cmazzoli@bodmanlaw.com

Dated: July 31, 2017

13